## TRANSFER REALTY CO. v. LICHFIELD et al.

No. 5293.   Decided January 10, 1935.   (39 P. [2d] 752.)

For former opinion see 84 U. 163, 33 P. (2d) 179.

*Delbert M. Draper and Marion G. Romney,* both of Salt Lake City, for appellant.

*Brockbank & Pope,* of Provo, for respondents.

CHRISTENSEN, District Judge.

Appellant has filed petition for rehearing on the grounds that the court erred in the application of the rules of law and equity to the facts in the case. In said petition appellant agrees that the sole question is whether or not there is sufficient competent evidence in the record to sustain the trial court's findings that the agents of appellant, in receiving payments from Mr. Buell in the amounts and at the times they did, were acting within the scope of their authority. Appellant in said petition for rehearing complains that the writer of the opinion fails to announce any reasons for the dispositions of many of the points raised by appellant in the appeal, and earnestly contends that the evidence received does not sustain the trial court's finding that the agents, in receiving payments from Mr. Buell in the amounts and at the times they did, were acting within the scope of their authority, and that this court, in holding that said finding is supported by a preponderance of competent

proof, was laboring under a misapprehension of the facts.

To meet said complaint this supplemental opinion is written.

Appellant assigned as errors on the part of the trial court to the prejudice of appellant:

(1) The overruling of objections to the admission of certain exhibits, 1 to 21, inclusive, tending to prove payment of the mortgage.

(2) The overruling of appellant's objections to certain questions propounded to the witness James P. Clayton.

(3, 4, 5, 6, and 7) The overruling of appellant's objections to certain questions propounded to the witnesses T. H. Heal, William G. Lichfield, J. T. Simpkins, F. O. Buell, and J. C. Knell.

(8) The overruling of appellant's objections to the introduction in evidence of the mortgages of John B. Bullock, S. John Nuttall, Jr., and wife, and Clifford A. Tolboe and wife.

(9) The overruling of appellant's motion to strike from the records the testimony of the witness J. P. Clayton.

We find no errors in the trial court's overruling the objections to the questions propounded to these witnesses, and to the admission of Respondents' Exhibits 1 to 21, nor to the admission of the mortgage of Bullock, Nuttall et ux., and Tolboe et ux., since the evidence sought to be elicited was offered as tending to prove the payment of the mortgage sought to be foreclosed and to show that the Provo Consolidated Real Estate Company and the Provo Realty Company were collecting and receiving money on loans at different times, in different amounts, and at a different place, than provided by the terms of the notes and mortgages, and that the Halloran-Judge Trust Company was allowing said notes and mortgages to be paid off at any time, both principal and interest, and was allowing said agents to accept and receive payments on loans in any amount and at any time the borrowers wanted to pay, and was thus establishing a

course of dealing, a custom among the borrowers and the public in and about the vicinity of Provo, Utah, which course of dealing, 'defendants contend, gave the borrowers a right to believe that the Provo Consolidated Real Estate Company and the Provo Realty Company were acting within the scope of their authority in so accepting payments, and such evidence was therefore material and relevant.

The appellant further assigns as prejudicial error:

(10) The court's making its finding of fact No. 6, for the reasons (a) that several unrelated findings of fact are contained therein, and (b) that these findings are not supported by any competent evidence.

(11) The court's making its finding of fact No. 7, for the reasons that the facts found therein are not supported by any competent evidence and have no probative value.

(12) The court's making its finding of fact No. 8, for the reasons that there is no competent evidence to justify said finding.

(13) The court's making its conclusions of law, because such conclusions are not supported by the findings of fact nor the evidence.

(14) The court's entering judgment for defendants and against plaintiff because said decree or judgment is contrary to and against the facts and the law.

As to No. 10: We find no merit in the reasons advanced that several unrelated findings of fact are contained in finding of fact No. 6. There is a sufficient unity in the finding to justify its being given as one finding, instead of five, as suggested by appellant, and we see no prejudicial error in so stating the finding. We are also of the opinion that sufficient competent evidence was presented to fully sustain it.

Appellant's assignments of error Nos. 11 and 12, that the court's findings Nos. 7 and 8 are not justified by any competent evidence in the record, are in our judgment without merit. These findings are as follows:

"7. That the said Provo Realty Company as the agent of the said Halloran-Judge Trust Company, represented to the defendant F. O. Buell on the 7th day of September, A. D. 1929, and on divers occasions prior thereto, that it had authority to receive on the 7th day of September, 1929, and on divers dates prior thereto, payment in full of the principal and interest on the note and mortgage sued upon in this action, and that the said Provo Realty Company as agent of the said Halloran-Judge Trust Company did between the 1st day of November, 1928 and the 7th day of September, 1929, receive from the said defendant, F. O. Buell the principal and interest on said note and mortgage in full, which amount the said agent, by its officers T. H. Heal and James P. Clayton stated to the defendant F. O. Buell was the balance of principal and interest due and owing on said note and mortgage, and the amount necessary to discharge and satisfy said note and mortgage in full, and that the said agent through its officers on said dates stated to the defendant F. O. Buell that upon the payment of the said sum, that the said mortgage would be cancelled, released and discharged by the said Halloran-Judge Trust Company, and that the said obligation to the said Halloran-Judge Trust Company would be paid in full, and that the papers covering the same would be returned to the defendant F. O. Buell. That between the 1st day of November, 1928, and the 7th day of September, 1929, the defendant, F. O. Buell did pay to the said Halloran-Judge Trust Company by and through its agent, the Provo Realty Company the entire principal and interest due and owing upon the note and obligation sued upon in this action. That said payments were acknowledged by the said Halloran-Judge Trust Company by and through the receipts of its agent the Provo Realty Company, which said payments covered payment of the entire principal and interest of said note and mortgage in full."

"8. That the said note and mortgage sued upon in this action has been fully paid as aforesaid, and the said note should have been marked paid and returned to the defendant F. O. Buell, and the said mortgage should have been satisfied, discharged and released of record in the office of the County Recorder of Utah County, State of Utah."

(The court's finding No. 6 appears in the original opinion.)

It is not contended that the defendant F. O. Buell did not pay to the agents of plaintiff the full amount of the principal and accrued interest of the note and mortgage in this action sued upon, the only contention of plaintiff being that

the said payments were not made according to the terms of the note and mortgage in question, i. e., payments of principal and interest to be made to the order of Halloran-Judge Trust Company at the principal office of said trust company at Salt Lake City, Utah, $75 of the principal sum on the 1st day of June, 1929, and a like amount on the 1st day of each succeeding December and June up to and including June 1, 1943, and interest to be paid semiannually on the 1st day of June and December of each year, but that the payments were made to the agents of said Halloran-Judge Trust Company at Provo, and were made in irregular amounts and at irregular times, and payment of principal and interest was completed in full in a shorter period of time than that contained in the terms of the note and mortgage. But the evidence clearly shows that, when the borrowers signed the note and mortgage, they were given to understand that they were not to pay at the place designated in the note and mortgage, but were to pay at the office of the Provo Consolidated Real Estate Company or the Provo Realty Company. On that point, Mr. T. H. Heal, the president of the Provo Consolidated Real Estate Company and Provo Realty Company testified as follows:

"Q. Now were the borrowers advised as to where they were to make payments? A. Yes, sir.

"Q. Where were they to make them? A. To the office of the company at Provo City."

With respect to making payments prior to the due dates as shown by note and mortgage, Mr. Clayton, who was then secretary-treasurer of the Provo Consolidated Real Estate Company and of the Provo Realty Company, testified as follows:

"Q. Now Mr. Clayton, did you ever have a conversation with any of the officers of the Halloran-Judge Trust Company with respect to accepting payments prior to the due date, as shown by the mortgage? A. Yes, sir.

"Q. And where? A. To the best of my recollection it was in their office at Salt Lake.

"Q. With whom did you have the conversation? A. I am not certain as to who it was. It was one of the vice-presidents. Either Mr. Wilcox or Mr. Wright.

"Q. What was that conversation? A. I don't know the conversation word for word.

"Q. Give it as near as you can remember it? A. Oh it was mentioned that some of the people who had taken out loans under the Metropolitan mortgages desired to make their payments in advance of the due date of the mortgage; and we wanted permission to accept these payments, and they gave us the permission.

"Q. What did they say? A. They said it would be all right to take the payments, as long as they didn't pay the entire mortgage off.

"Q. And thereafter, did you act on that statement? A. Yes, sir.

"Q. And did you so advise the borrowers? A. Yes, sir; and it was a regular practice for a number of them to make their payments in advance of the due date."

Mr. Wright testified that he did not have such a conversation with Mr. Clayton. Said Mr. Wright also testified that there had been paid on the principal of Mr. Buell's note only $150, and the interest had been paid to December 1, 1929, and that there was due and owing on the note and mortgage at the time of the suit $2,350, with interest as specified in the note from December 1, 1929. The evidence shows that the defendant Buell continued his irregular payments to the said agents until the entire principal, together with all interest due, had been paid in full. The evidence further shows that he at no time received any notice that the direction for him to make payments at Provo, and in such sums as he desired, had ever been changed or revoked, and that he did not receive any complaint of being in default or in any other manner put upon his guard that it was not all right for him to make payments as he did.

No good purpose can be served in setting out the testimony given by the numerous witnesses in the case with respect to the statements made by the said agents to Mr. Buell and to others, and as to the course of dealing and practice set up among the borrowers and the agents of said Halloran-Judge Trust Company in and about the vicinity of

Provo, suffice it to say that a careful reading of the evidence, both oral and documentary, which was introduced in the case upon this question, convinces us that the findings of the trial court Nos. 6, 7, and 8 were supported by a preponderance of the competent evidence presented, and we are also of the opinion that the said findings fully justify the conclusions of law and the judgment and decree entered by the said court.

There being no new matter raised in the petition for rehearing by the appellant, other than that contained in the briefs of the respective parties filed herein and heretofore considered by this court, and this court finding no merit in said petition to justify a change in the holding made in the original opinion, the petition for rehearing is ordered denied.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., did not participate herein.